■ Franz Goyzueta, Respondent, v Urban Health Plan, Inc., Appellant. [722 NYS2d 591] —In an action to recover damages for breach of an employment contract, the defendant appeals from (1) an order of the Supreme Court, Queens County (Schulman, J.), dated March 13, 2000, which granted the plaintiff's motion to confirm a report of a Judicial Hearing Officer (Beldock, J.H.O.), dated January 7, 2000, made after a hearing, finding, *inter alia,* that his employment was improperly terminated, and (2) a judgment of the same court, dated April 14, 2000, which is in favor of the plaintiff and against it in the principal sum of $126,875.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Absent an express agreement establishing that employment is to be for a fixed duration, an employment relationship is presumed to be on an at-will basis (*see, Murphy v American*

*Home Prod. Corp.,* 58 NY2d 293, 300-301). In this case, the plaintiff refused to sign a written employment contract with the defendant.

In support of his contention that his employment was for a fixed duration, the plaintiff refers to the defendant's letter dated October 30, 1994, which stated that he was appointed to serve on the defendant's medical staff from October 1, 1994, until September 30, 1996, at "which time all medical staff members must be recredentialled and reappointed." The letter was written to comply with 10 NYCRR 751.2 (h), which requires a review of medical staff appointments every two years. The plaintiff's contention that the letter constituted an employment contract for a fixed duration is not supported by the record (*see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.